UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisamarie Morris, | **Complaint for a Civil Case** |
| Plaintiff, | |
| v. | Case No. 2:25-cv-6897 |
| Synchrony Bank; Capital One, National Association successor by merger to Discover Bank; and Experian Information Solutions, Inc., | **JURY TRIAL DEMAND** |
| Defendants. | |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Pennsylvania.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Synchrony Bank, (hereinafter "Synchrony") is a corporation existing and operating under the laws of the State of Pennsylvania and is a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, Synchrony was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant, Capital One, National Association successor by merger to Discover Bank (hereinafter "Discover Bank") is a corporation existing and operating under the laws of the State of Pennsylvania and a furnisher of consumer credit information to consumer reporting agencies.

7. At all times pertinent hereto, Discover Bank was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

8. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Pennsylvania.

9. Defendant Experian at all times relevant hereto was regularly doing business in the State of Pennsylvania.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

13. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Pennsylvania and Defendants do business in Pennsylvania.

15. Personal jurisdiction exists over Defendants as Plaintiff resides in Pennsylvania, Defendants have the necessary minimum contacts with the state of Pennsylvania, and this suit arises out of specific conduct with Plaintiff in Pennsylvania.

**FACTUAL ALLEGATIONS**

16.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Synchrony, Discover Bank, and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

17.     Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19.     Experian has a duty under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20.     After reviewing Plaintiff's Experian consumer credit reports Plaintiff discovered four Synchrony accounts, (the "Synchrony Accounts") and two Discover Bank accounts, (the "Discover Bank Accounts") being reported in error.

21.     The Synchrony Accounts and the Discover Bank Accounts (hereinafter the "Accounts") are all reporting Plaintiff as deceased.

22.     Despite receiving clear evidence and communication from Plaintiff indicating that Plaintiff is very much alive, the Accounts continue to report Plaintiff as deceased on Plaintiff's consumer credit report.

23.     The inaccurate Accounts have become a permanent component of Plaintiff's credit profile and are reported to those who ask to review the credit history of Plaintiff.

24.     The false and misleading information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because they do not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

25. In October 2025 Plaintiff sent a written dispute to Experian (the "Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Experian consumer report.

26. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendants Synchrony and Discover Bank.

27. Upon information and belief, Synchrony and Discover Bank each received notification of Plaintiff's Dispute from Experian.

28. Synchrony did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Synchrony account information with respect to the disputed information and the accuracy of the Synchrony Accounts.

29. Discover Bank did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Discover Bank account information with respect to the disputed information and the accuracy of the Discover Bank Accounts.

30. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

31. Upon information and belief, Synchrony failed to instruct Experian to remove the false and misleading information regarding the Synchrony Accounts reporting on Plaintiff's consumer report.

32. Upon information and belief, Discover Bank failed to instruct Experian to remove the false and misleading information regarding the Discover Bank Accounts reporting on Plaintiff's consumer report.

33. Experian employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Accounts identified in Plaintiff's Written Dispute.

34. At no point after receiving the Written Disputes did Synchrony, Discover Bank, and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

35. Experian relied on its own judgment and the information provided to them by Synchrony and Discover Bank rather than grant credence to the information provided by Plaintiff.

36. Experian published the false and misleading information regarding the Accounts to third parties.

## COUNT I – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Written Dispute, Experian failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

39. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Written Dispute, Experian failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

46. Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – SYNCHRONY

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

51. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

52. After receiving the Dispute, Synchrony failed to correct the false and misleading information regarding the Synchrony Accounts reporting on Plaintiff's consumer report.

53. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Synchrony's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Synchrony's representations to consumer credit reporting agencies, among other unlawful conduct.

54. As a result of this conduct, action, and inaction of Defendant Synchrony, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant Synchrony's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant Synchrony was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Defendant Synchrony pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV– DISCOVER BANK

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

58. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59. After receiving the Dispute, Discover Bank failed to correct the false and misleading information regarding the Discover Bank Accounts reporting on Plaintiff's consumer report.

60. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Discover Banks representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Discover Banks representations to consumer credit reporting agencies, among other unlawful conduct.

61. As a result of this conduct, action, and inaction of Defendant Discover Bank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant Discover Banks conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant Discover Bank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Defendant Discover Bank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. §

1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   December 9, 2025

/s/Matthew Gross
Matthew Gross, Esq.
Law Offices of Matthew Gross, P.C.
608 Laramie Place
Philadelphia, PA 19115
mattgrossesq@gmail.com

Mailing Address:
McCarthy Law, PLC
9200 E Pima Center Pkwy, Suite 300 Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff